```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


JULIUS SCOTT                                    CIVIL ACTION

VERSUS                                          NO. 16-16117

MARLIN GUSMAN, SHERIFF OF                       SECTION "B"(4)
ORLEANS PARISH AND STANDARD
MORTGAGE CORPORATION
```

                        ORDER AND REASONS

**IT IS ORDERED** that the captioned action is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may seek reconsideration/new trial if he shows good cause for same no later than **Friday, December 9, 2016** with a memorandum and authority addressing the issue of this Court's subject matter jurisdiction over his claims. Failing that, a dismissal and judgment with prejudice will be issued.

Federal courts do not sit as appellate tribunals over state court decisions. *Hattier v. Nethery*, Case No. 05-411, 2006 U.S. Dist. LEXIS 96688 at*6-7 (E.D. La. Jan. 31, 2006) (citing *Phelper v. Decker*, 401 F.2d 232, 239 (5th Cir. 1968).) In *Hattier*, this Court explained in a similar matter, "Plaintiff attempts to circumvent the state appellate and writ process by bringing the present action in federal court and seeking this Court's review of the state courts' actions. Federal courts do not sit as super-appellate tribunals over state courts." *Hattier,* 2006 U.S. Dist. LEXIS 96688 at*6. Furthermore, "inferior federal courts lack

jurisdiction to exercise appellate review over state court decisions." *Ingalls v. Erlewine (In re Erlewine)*, 349 F.3d 205, 209 (5th Cir. 2003). Plaintiff has available relief from the state court decisions at issue by seeking appellate review within an appropriate state court. *Housing Authority for City of Ferriday v. Parker*, 629 So.2d 475 (1993) (citing *Bielkiewicz v. Insurance Company of North America*, 201 So.2d 130 (La.App. 3rd Cir.1967) ("When an appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings in addition to review of the final judgment.")).

Plaintiff alleges that Defendants' actions violate his federally protected due process rights under the United States Constitution and the Equal Protection Laws under the Fifth and Fourteenth Amendments to the United States Constitution (Rec. Doc. 11 at 4). Plaintiff requests this Court to render judgement in this and against Defendants, declaring any constitutional immunity asserted by the Defendant Marlin Gusman null and void and enjoining the state court seizure and sale of his residence by Defendant Standard Mortgage Corporation.

Federal courts may raise the issue of subject matter jurisdiction even if the parties have not raised the issue themselves. *Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir. 1996). "A court may dismiss, sua sponte, a complaint for lack of subject matter jurisdiction, but first should give the plaintiff notice

and the opportunity to respond." *Kraemer v. United States*, Case No. H-00-2948, 2002 U.S. Dist. LEXIS 8662, at*23, (S.D. Tex. 2002) (quoting and citing *Benson v. O'Brian,* 179 F.3d 1014, 1015 (6th Cir. 1999).).

New Orleans, Louisiana, this 22nd day of November, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE